UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TOMMY LOUIS DAVIS**<br>    **LA. DOC #345339**<br>**VS.** | **CIVIL ACTION NO. 09-1741**<br><br>**SECTION P**<br><br>**CHIEF JUDGE JAMES** |
| **MARK NAPPIER, ET AL.** | **MAGISTRATE JUDGE HAYES** |

<u>**REPORT AND RECOMMENDATION**</u>

*Pro se* plaintiff Tommy Louis Davis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 1, 2009.  Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana; however, he complains that he was the victim of excessive force when he was arrested by officers of the Monroe Police Department (MPD) in April 2004. Plaintiff sued MPD Officers Mark Nappier, Dennis Wall, Robinson Evelyn, and other unnamed officers seeking a reduction of the hard labor sentence he is now serving and compensatory damages in the amount of $75,000. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

On April 28, 2004, plaintiff was arrested by officers of the Monroe Police Department and charged with attempted second degree murder.  Following a trial in the Fourth Judicial District Court, plaintiff was found guilty as charged and ultimately sentenced to serve 25 years at

hard labor. See *State of Louisiana v. Tommy Louis Davis*, 41,245 (La. App. 2 Cir. 8/9/2006), 937 So.2d 5, rehearing denied, 9/21/2006; see also *State of Louisiana v. Tommy Louis Davis*, 42,907 (La. App. 2 Cir. 1/9/2008), rehearing denied 2/7/2008. He is now serving that sentence at the Louisiana State Penitentiary, Angola, Louisiana. See *Tommy Louis Davis v. Burl Cain, Warden*, No. 3:09-cv-1740.

He filed the instant civil rights complaint on October 1, 2009, claiming that the defendant police officers used excessive force when they arrested him in April 2004.

## *Law and Analysis*

### *1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint, while difficult to decipher, clearly seeks redress for wrongs allegedly perpetrated against him when he was arrested in April 2004. As is shown below, further amendment is unnecessary.

## 2. Limitations

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same

as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). Under federal law, "... the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). The plaintiff's knowledge of the injury depends on two elements: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See *Piotrowski*, 51 F.3d at 516. A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. See, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

     The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a § 1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff had knowledge of the alleged violation of his rights when he was arrested in 2004. Therefore, his claim accrued, at the latest, on April 28, 2004, the date he claims the defendants used excessive force against him.

     Plaintiff's federal suit was filed in October 2009, more than five years after his claim accrued. Thus, to the extent that plaintiff seeks redress under §1983 for the alleged violations of his constitutional rights those claims are clearly prescribed and dismissal on that basis is recommended.

     Accordingly

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as time-barred and therefore frivolous pursuant to the provisions of 28 U.S.C. §§1915(e)(2)(B)(i) and 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, December 21, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE